EMERSON-BRANTINGHAM IMPLEMENT COMPANY, Appellant, v. EDGAR et al., Respondents.

(163 N. W. 575.)

(File No. 3938.   Opinion filed June 26, 1917.)

1.  **Evidence—Suit on Purchase Notes—Co-defendant's Telegram Confirming Conditional Order for Goods—Competency—Foundation.**

Suit on purchase money notes for part of price of an engine sold pursuant to written contract signed by one defendant.

**Held,** that, as to a co-defendant and alleged guarantor who had wired vendor a conditional approval of an order, a second telegram from co-defendant directing shipment of the engine as per written order, was improperly received in ev'dence; the co-defendant having denied sending this telegram, and there being no proper foundation laid therefor.

2. **Evidence—Prejudicial Error—Suit on Traction Engine Notes and Mortgage—Defense that Securities Given for Patent—Evidence of Collateral Agreement, Admissibility, as to Maker, as to Guarantor.**

Where defendant, maker of the notes and chattel mortgage in suit, gave an order to the payee in the notes for a gas tractor engine, and thereafter executed purchase money notes therefor secured by mortgage upon the engine, and the defendant guarantor of the notes did not agree to said order, **held,** in a suit by assignee of the notes, that evidence that the occasion for the notes was an agreement by the maker to transfer to the Traction Company a patent for a gear device when he should have obtained patent therefor, and that the giving of the notes and mortgage was merely as security that the patent would be so transferred when obtained, was incompetent as against the objection that it varied the terms of a written contract; the order reciting that the sale agreement therein was given and accepted and the sale was made upon express condition that the order contained all terms and conditions of the sale. Nor was it competent to show that said agreement never became operative. **Held,** further, that while said defense, as concerned guarantor of the notes who defended upon the ground that he signed same upon the faith of such collateral agreement, may have been tenable, it not having been shown that he agreed to the order; yet, in view of the admission of other and incompetent evidence as to him, prejudicial error was committed.

Appeal from Circuit Court, Walworth County. Hon. JOSEPH H. BOTTUM, Judge.

Action by the Emerson-Brantingham Implement Company, a corporation, against J. W. Edgar and others, upon purchase money notes of which plaintiff was assignee, and upon a chattel mortgage securing such notes. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Reversed and remanded for a new trial.

*Frank Turner,* for Appellant.

*Carpenter & Morrison* and *H. G. Fuller,* for Respondents.

(2) To point two of the opinion, Appellant cited. Civ. Code, Sec. 1239; Thompson v. McKee, 5 D. 172; Washabaugh v. Hall,

4 S. D. 168; National German-American Bank, 49 N. W. 414
(N. D.); Hutchinson v. Cleary, 55 N. W. 729 (N. D.); North-
western Fuel Co. v. Burns, 45 N. W. 699 (N. D.); Schwartz v.
Hawkeye Gold Mining Co., 8 S. D. 544; Strunk v. Smith, 8 S.
D. 407; Reeves & Co. v. Brenning, 100 N. W. 241 (N. D.)
Dowagiac Mfg. Co. v. Mahon, 101 N. W. 903 (N. D.)

Respondent cited: Koester v. Port Huron Co., 24 S. D. 556;
Jones Com. Ev., Sec. 439, Vol. III, pp. 180, 181; Manufacturers'
Fur. Co. v. Kremer, 7 S. D. 463.

GATES, P. J. Defendant Edgar executed the following:
"Order and Agreement. Mpls. Minn. 7-19, 1912. To the
Gas Traction Company, Minneapolis, Minnesota. Ship to the
undersigned, at the railway station at McLaughlin So. Dak. c|o
Hains Hdw. Co. as soon as possible on———day of———, 1912
or as soon thereafter as practicable, one of your Big Four 30
HP gas traction engines with all fixtures and equipment usually
furnished with same, upon the following terms and conditions:
* * * And if the undersigned is satisfied from such trial that
said engine will perform all the conditions hereinbefore stated,
that the undersigned will, at the expiration of such three days
trial, purchase said engine, fixtures and equipment and pay there-
for the sum of 3350.00 as follows $—— in cash and the balance
in the promissory notes of the undersigned dated on the day of
such purchase, payable to the order of the Gas Traction Co., with
interest from date at the rate of eight per cent. per annum as
follows: One note for $500.00 due on or before Nov. 15, 1912.
One note for $950 due on or before July 15, 1913. One note
for $950.00 due on or before Nov. 15, 1913. One note for $950.00
due on or before July 15, 1914, each and all of said promissory
notes to be secured by a first mortgage on said gas traction en-
gine, fixtures and equipment and also by indorsement of J. W.
Harris on note, of Mobridge, S. Dak. c|o Mobridge State Bank.
This order written subject to approval of J. W. Harris. If said
engine, fixtures and equipment are not so purchased, the under-
signed agrees within two days after the expiration of such three
days of trial to return the same to said railway station; and said
undersigned further agrees that his failure to so return said
engine, fixtures and equipment within two days after said three
days of trial, shall be an acceptance and purchase of said engine,

fixtures and equipment by the undersigned at the price and upon the terms and conditions hereinbefore stated. * * * It is further agreed that this order and agreement is given and accepted and the sale and purchase of said engine, fixtures, and equipment are made upon the express condition that this order and agreement contains all the terms and conditions of the sale and purchase of said engine, fixtures and equipment and cannot in any manner be changed, altered, varied or modified without the written consent of an officer of said Gas Traction Company; * * * and that this order and agreement is not to be binding upon the Gas Traction Company until approved by said company by an officer thereof signing the same. J. W. Edgar.'

Defendant Harris sent the following telegram on July 20, 1912:

"Mobridge, S. D. July 20, 1912. Gas Traction Co. Mpls. I will approve of Edgar order provided you reduce nineteen thirteen payments to six hundred each and making balance due in two payments nineteen fourteen July and November and that engine be loaded right out. Wire answer if accepted and when engine will be loaded. J. W. Harris."

On July 22, 1912, he sent another telegram as follows:

"Dated Mobridge, S. D. 22 To Gas Traction Co. Please wire answer my message July twentieth. J. W. Harris."

On July 22, 1912, the Gas Traction Company received the following telegram:

"Dated Morristown, S. D. 22 To Gas Traction Co. Ship engine as per Edgar order. I will Guarantee. J. W. Harris."

[1] Defendant Harris denied having sent this, and it was erroneously received in evidence because no proper foundation had been laid. On July 29, 1912, the above-written order and agreement was approved by the Gas Traction Company, and the engine was sent to Edgar. On August 5, 1912, the defendants Edgar and Harris executed and delivered to the Gas Traction Company their promissory notes in conformity with said agreement, and defendant Edgar executed a chattel mortgage on the engine. No objection was made that the engine did not comply with the terms of the warranty. Action was brought upon the notes for $500 due November 15, 1912, and $950 due July 15, 1913, by plaintiff as assignee of the notes. The defendants were

permitted to introduce testimony tending to show that the occasion for the notes was an agreement by defendant Edgar to transfer to the Gas Traction Company a patent for a three-speed gear device for use on gas engines when Edgar should have obtained a patent, application for which had been made, and that the giving of the notes and mortgage was merely as security that the patent would be transferred to the Gas Traction Company when obtained. The verdict of the jury was for defendants. From the judgment entered thereon and from an order denying a new trial, plaintiff appeals.

The principal error relied upon, and the only one we deem important for consideration, is the admission of the evidence last above referred to. It is the contention of appellant that such evidence tended to vary the terms of a written contract and was therefore wholly inadmissible. Respondent contends that this case comes under the rule that it is competent to show that the written agreement never became operative, and that its obligation never commenced, citing Jones, Ev. § 439.

[2] We are of the opinion that, so far as defendant Edgar is concerned, such rule is inapplicable to the present case for the reason that the order recites:

"It is further agreed that this order and agreement is given and accepted and the sale and purchase of said engine, fixtures, and equipment are made upon the express condition that this order and agreement contains all the terms and conditions of the sale and purchase of said engine, fixtures and equipment."

To apply such rule would, as to defendant Edgar, violate the terms and conditions of a written contract because it clearly appears that the parties did "intend the document to be a complete and final statement of the whole of the transaction between them." Jones, Ev. § 439. We are of the opinion that, as to defendant Edgar, the court erred in receiving evidence as to the patent right matter, and that a verdict should have been directed for plaintiff as against Edgar.

[3] Evidence that defendant Harris was induced to sign the notes upon the faith of such alleged collateral oral agreement might have been admissible so far as he was concerned, it not being shown that he agreed to the order, but the trial court admitted a lot of evidence that would not be competent even as

to him. The case was tried in the circuit court and also presented here on the theory that the evidence alluded to was admissible as to both defendants. We deem it reasonably clear that such rulings were prejudicial to the rights of plaintiff, not only as against defendant Edgar, but also as against defendant Harris.

The judgment and order appealed from are reversed, and the cause remanded for a new trial.